# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD COLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>LT. ROMAN-MARIN, et al.,<br><br>    Defendants. | CASE NO. 1:07-cv-01280-LJO-NEW (DLB) PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 7) |

Plaintiff Reginald Colbert ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 11, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on October 3, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing , Porter v. Nussle, 435 U.S. 516, 524 (2002). Plaintiff is waiting for a Director's Level response to his inmate appeal. (Comp., § II(C).) A Director's Level response is due in sixty working days. Cal. Code Regs., tit. 15 § 3084.6 (b)(4)

(West 2007). Time limits for completion of appeals commence upon receipt of the appeal by the appeals coordinator, tit. 15 § 3084.6 (a), and weekends and state holidays do not count as working days, tit. 15 § 4003(j)(2). Plaintiff's Objection sets forth no grounds supporting non-adoption of the Findings and Recommendations. The exhaustion requirement is mandatory and cannot be excused by the Court due to plaintiff's health problems.[1] Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed September 11, 2007, is adopted in full; and

2. This action is dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

IT IS SO ORDERED.

Dated:   **October 4, 2007**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[1] This complaint in this action alleges incidents of alleged excessive force, racial discrimination, placement in administrative segregation, and retaliation. (Comp., Court Record pgs. 4 & 8-10.) There are no allegations of medical care needs and no Americans with Disabilities Act claims, despite plaintiff's reliance of those issues in support of his Objection that the Court reconsider the dismissal recommendation in light of plaintiff's health.